**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESSICA R. CLINGENPEEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | CASE NO. 1:13-CV-2009-SMS<br><br>ORDER AFFIRMING AGENCY'S DENIAL OF BENEFITS AND ORDERING JUDGMENT FOR COMMISSIONER<br><br>(Doc. 17) |

Plaintiff Jessica R. Clingenpeel, by her attorneys, Law Offices of Lawrence D. Rohlfing, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her request for reconsideration of disability cessation regarding supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act (42 U.S.C. § 301 *et seq.*) (the "Act"). The matter is currently before the Court on the parties' cross-briefs, which were submitted, without oral argument, to the Honorable Sandra M. Snyder, United States Magistrate Judge. Following a review of the complete record and applicable law, this Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based on proper legal standards.

**I.    Background**

　　A. Procedural History

On April 6, 2009, Plaintiff was granted supplemental security income under Title XVI of the Social Security Act. The decision stated that Plaintiff, a minor at the time, suffered from insulin dependent diabetes mellitus, which functionally equaled the childhood listings effective as

of August 30, 2007. On November 19, 2010, Plaintiff received notice from the Commissioner that she no longer qualified for supplemental security income and her disability benefits would end. Plaintiff appealed and the Commissioner denied Plaintiff's appeal on July 28, 2011. On August 4, 2011, Plaintiff filed a timely request for a hearing.

On August 20, 2011, Plaintiff appeared without counsel and testified at a hearing presided over by Edward C. Graham, Administrative Law Judge ("the ALJ"). Plaintiff's mother, Vanessa Clingenpeel, and an impartial vocational expert, Howard Goldfarb ("the VE"), also appeared and testified.

On September 7, 2012, the ALJ denied Plaintiff's request for reconsideration. The Appeals Council denied review on October 9, 2013. The ALJ's decision this became the Commissioner's final decision. See 42 U.S.C. § 405(h).  On November 24, 2014, Plaintiff filed a complaint seeking this Court's review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

B.  Relevant Record

*Plaintiff's Testimony*

At the administrative hearing in August 2011, Plaintiff was twenty years old. She testified that she attended high school once a week and that she had never had a job. She was single, lived with her parents and her sister, and cared for her ten-month old son. She testified that her blood sugar was often very high, which would cause her to feel weak and throw up three to four times a day. She would take insulin shots, which would sometimes solve her problems temporarily. She saw a doctor at Children's Hospital Los Angeles once every three months for her diabetes. She believed that her conditions would prevent her from maintaining a full-time job.

Plaintiff's mother testified that Plaintiff does not test her blood as regularly as she should, approximately six times a day, but only "when she feels like it" and when someone consistently reminds her. This causes Plaintiff's mother great concern because Plaintiff's blood sugar will be very low or very high and she would shake or faint. Plaintiff's mother testified that Plaintiff's vision becomes blurry if her blood sugar level is over 300.

*Relevant Medical Evidence*

In 2005 and 2007 Plaintiff was admitted to the hospital four times for episodes of diabetic

ketoacidosis and hyperglycemia. Plaintiff did not visit the hospital due to blood sugar control after the last episode in 2007.

During 2008-2010, Plaintiff visited the Tehachapi Community Health Center a few times for non-diabetes related ailments, including abdominal pain, cough, and a skin rash. In 2010, Plaintiff visited the Childhood Diabetes Center of Children's Hospital Los Angeles three times with mostly normal systems reviews and no remarkable findings. She was advised about and encouraged to pursue healthy eating habits and exercise.

On November 8, 2010, Dean Chiang, M.D., performed a comprehensive internal medicine evaluation and recorded his findings. He noted that Plaintiff had not had any hospital visits for uncontrolled blood sugar in the previous five years. Plaintiff checked her blood sugar every three to four hours and self-administered insulin. Plaintiff engaged in hip-hop dancing periodically, walking for exercise once a week, and playing Wii tennis for two hours daily. She did dishes and cleaned her own room. Dr. Chiang diagnosed Plaintiff with Type 1 diabetes and indicated a normal examination. Dr. Chiang did not assess any physical or environmental limitations.

On November 19, 2010, K. Beig, M.D., reviewed Plaintiff's record and also assessed no physical or environmental limitations. Dr. Beig indicated that Plaintiff was "partially credible" because the objective evidence did not fully support the severity of the allegations.

*VE Testimony*

At the hearing, the ALJ told the VE that Plaintiff was twenty years old with an eleventh grade education, could perform heavy work, standing and walking six hours in an eight-hour workday and sitting six hours in an eight-hour workday. The ALJ asked what jobs might be available for her in the heavy, medium, or light range. The VE responded that representative jobs would be: landscape laborer (DOT # 408.687-014, heavy, unskilled SVP 2), polisher (DOT # 761.684-026, medium, unskilled, SVP 2), laundry laborer (DOT # 361.687-018, medium, unskilled, SVP 2), and cashier (DOT # 211.462.010, light, unskilled, SVP 2). The VE further testified that there would be no work in the local or national economy for Plaintiff if her blood sugar was uncontrollable and caused her to be shaky.

*Relevant Findings*

The ALJ found that medical evidence supported a finding that as of November 1, 2010, there had been a decrease in medical severity of Plaintiff's impairment, when compared to the severity of her impairment on August 30, 2007, the date of the comparison point decision ("CPD"). The ALJ found that Plaintiff's impairment caused more than a minimal limitation on her ability to perform basic work activities, yet she still had the residual functional capacity ("RFC") to perform heavy exertional work, but limited to standing and/or walking for six hours and sitting for six hours in an eight-hour workday. The ALJ found that beginning on November 1, 2010, Plaintiff was able to perform a significant number of jobs in the national economy, and was therefore not disabled.

**II.     Discussion**

    A.  Disability Analysis

To determine if a claimant's disability continues, the ALJ follows a seven-step analysis. 20 C.F.R. § 416.994. First, the ALJ determines whether the claimant has an impairment or combination of impairments that meets or equals a listed impairment. 20 C.F.R. §§ 416.920(d), 416.925, 416.926. If so, the claimant's disability continues. 20 C.F.R. § 416.994(b)(5)(i).

Second, the ALJ determines whether medical improvement occurred. *Id*. If so, the analysis proceeds to step three. If not, the analysis proceeds to step four. At step three, the ALJ determines if the medical improvement relates to the ability to perform work. 20 C.F.R. § 416.994(b) (5) (iii). If so, the analysis skips step four and proceeds to step five.

At step four, the ALJ determines if an exception to medical improvement applies. 20 C.F.R. § 416.994(b)(5)(iv). If an exception from the first group applies, the analysis proceeds to step five. If an exception in the second group applies, the claimant's disability ends. If no exception applies, the claimant's disability continues. See 20 C.F.R. §§ 416.994(b)(3) and (4).

At step five, the ALJ determines whether the claimant's current impairment or combination of impairments is severe. 20 C.F.R. § 416.994(b)(5)(v). If they do not significantly limit the claimant's ability to work, the claimant's disability ceases. If they do significantly limit the claimant's ability to work, the analysis proceeds to step six.

At step six, the ALJ assesses the claimant's RFC based on the current impairments and determine if the claimant can perform past work. 20 C.F.R. § 416.994(b)(5)(vi). If the claimant can perform past work, disability has ended. If not, the analysis proceeds to step seven.

At the seventh step, the ALJ determines if other work exists in the national economy that the claimant can perform given her RFC and considering her age, education, and past work experience. 20 C.F.R. § 416.994(b)(5)(vii). If such work exists, the claimant is no longer disabled. If such work does not exist, the claimant's disability continues.

B.  Standard of Review

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's decision. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *See, e.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  If an ALJ applied the proper legal standards and the ALJ's findings are supported by substantial evidence, this Court must uphold the ALJ's determination that the claimant is not disabled. *See, e.g., Ukolov v. Barnhart*, 420 F.3d 1002, 104 (9th Cir. 2005); *see also* 42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1998 (9th Cir. 2008).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Where the evidence as a whole can support either outcome, the Court may not substitute its judgment for the ALJ's, rather, the ALJ's conclusion must be upheld. *Id*.

C.  Medical Improvement

Plaintiff argues that the ALJ erred in finding that her disability ceased as of November 1, 2010 because medical improvement occurred. Plaintiff argues that medical improvement has not occurred because she continues to have, as she also had at the CPD, insulin-dependent diabetes mellitus, which allows her to attend school only once a week.

An individual is disabled for the purpose of receiving benefits under the Act if she is

unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). Once a claimant has been found to be disabled, "she is entitled to the presumption that disability still exists." *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1993). The Commissioner bears the burden of showing that medical improvement has occurred that would enable the claimant to perform substantial gainful activity. *Id.*

Medical improvement means any decrease in the medical severity of a claimant's impairment which was present at the time of the most recent favorable decision (*i.e.,* the most recent finding of disability). 20 C.F.R. § 416.994(b)(1)(i). A decrease in medical severity must be based on improvement in the "symptoms, signs and/or laboratory findings" associated with the claimant's impairment. *Id.* When substantial evidence demonstrates that there has been any medical improvement in the claimant's impairment, and she is now able to engage in substantial gainful activity, the claimant's disability benefits will be terminated. 42 U.S.C. § 423(f); 20 C.F.R. § 416.994(b)(5)(vi); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1459 (9th Cir. 1995).

Here, the ALJ's decision that medical improvement occurred as of November 1, 2010 is supported by substantial evidence. It is not disputed that Plaintiff continues to suffer from diabetes, nor that Plaintiff attends school only once a week. However, the record demonstrates improvement in the symptoms associated with Plaintiff's diabetes since the CPD. In 2009, the former ALJ's opinion indicated that Plaintiff was hospitalized in 2005 and 2007, that her diabetes was not under control, and that she had marked limitations in caring for her personal needs and well-being. However, in 2012, the record demonstrates that Plaintiff had not been hospitalized for diabetes since 2007, that her diabetes was under control, and that she was able to care for her personal needs as well as her infant child.

As discussed above, Dr. Chiang's internal medicine evaluation, rendered in November 2010, states that Plaintiff checks her blood sugar every three to four hours and self-administers insulin. Plaintiff indicated to him that she had no issues with uncontrolled blood sugar. He did not assess any functional limitations. Also, in August and September 2010, Plaintiff's diabetes was

6

"well-controlled" with medication. AR 279, 282. Throughout 2010, Plaintiff had regular medical appointments, which did not indicate major abnormalities. Furthermore, Plaintiff does her own chores and testified that she cares for her infant son, indicating that she no longer has marked limitations in caring for her personal needs.

Substantial evidence exists in the record to support the ALJ's finding of medical improvement. The medical evidence demonstrates that Plaintiff's symptoms associated with her diabetes improved. Multiple sources clearly state that her diabetes was controlled and she had no incidents of hospitalization since the CPD. The record also indicates that the medical improvement enables her to engage in substantial gainful activity. Hence, the ALJ did not err in finding that medical improvement occurred as of November 1, 2010.

D.  Credibility

Plaintiff argues that the ALJ failed to provide legally sufficient reasons to reject her subjective symptoms testimony. Plaintiff argues that her daily activities do not demonstrate that she is able to engage in fulltime work.

The Ninth Circuit established two requirements for a claimant to present credible symptom testimony: the claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996).

The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). However, an ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's subjective symptom testimony so long as it is not the only reason for discounting her testimony. *Burch v. Barnhart*, 400 F.3d 676, 680-681 (9th Cir. 2005).

An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional requirement. *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007), *quoting Fair v. Bowen*,

885 F.2d 597, 603 (9th Cir. 1989). "[T]he ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834, *quoting Varney v. Secretary of Health and Human Services*, 846 F.2d 581, 584 (9th Cir. 1988). He or she must set forth specific reasons for rejecting the claim, explaining why the testimony is unpersuasive. *Orn*, 495 F.3d at 635. *See also Robbins v. Social Security Admin.*, 466 F.3d 880, 885 (9th Cir. 2006). The credibility findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

When weighing a claimant's credibility, the ALJ may consider the claimant's reputation for truthfulness, inconsistencies in claimant's testimony or between his testimony and conduct, claimant's daily activities, claimant's work record, and testimony from physicians and third parties about the nature, severity and effect of claimant's claimed symptoms. *Light v. Social Security Administration*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ may consider "(1) ordinary techniques of credibility evaluation, such as claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008), *quoting Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). If the ALJ's finding is supported by substantial evidence, the Court may not second-guess his or her decision. *Thomas*, 278 F.3d at 959.

Here the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent that they were inconsistent with the ALJ's RFC assessment. He summarized his credibility analysis with the following:

> In sum, the claimant's activities of daily living, the medical and other evidence of record, and the findings of the State agency consultants suggest that the claimant can sustain a greater capacity than she described at the hearing. Given this evidence, the undersigned concludes that her subjective complaints and alleged limitations are not fully persuasive.

In his decision, the ALJ discussed each of these reasons in detail. First the ALJ discussed Plaintiff's daily activities which she indicated on an exertional questionnaire and in her testimony at the hearing. Plaintiff took care of her infant child, did chores, danced and walked for exercise, and played Wii tennis for about two hours a day. These activities are inconsistent with her allegation of total disability. The ALJ then discussed the medical evidence and how it is also inconsistent with Plaintiff's allegation of total disability. The medical findings revealed no significant abnormalities. Plaintiff sought intermittent treatment from 2008-2010 for complaints other than diabetes, such as viral illness, abdominal pain, and rashes. In September 2010 she had an eye exam which revealed no vision problem secondary to diabetes mellitus. Plaintiff also attended checkups for diabetes three times in 2010, which revealed no major abnormalities. Plaintiff had not been entirely compliant with her diabetes medication but she still had not required emergency room treatment or hospitalization due to uncontrolled blood sugar for five years prior to the hearing. In November 2010, consultative examiner Dr. Chiang diagnosed Plaintiff with diabetes mellitus, type I and assessed no limitations. The Court notes that reviewing physician Dr. Beig also assessed no limitations and indicated that the objective evidence did not fully support the severity of the allegations. The ALJ also mentioned Plaintiff's verbal responses and overall demeanor at the hearing, which was not suggestive of a person experiencing disabling limitations.

The ALJ's reasons for discrediting Plaintiff's testimony were sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit her testimony. The ALJ used ordinary techniques of credibility evaluation by observing her demeanor at the hearing, cited to the lack of support in the medical record, discussed evidence of conservative treatment, and discussed Plaintiff's daily activities in discrediting her testimony. The ALJ's credibility determination is supported by substantial evidence and will not be subject to second guessing. As a whole, the ALJ's credibility analysis was supported by substantial evidence and was without legal error.

### III.     Conclusion and Order

For the foregoing reasons, the Court finds that the ALJ applied appropriate legal standards and that substantial evidence supported the ALJ's determination that Plaintiff was no longer

9

disabled.  Accordingly, the Court hereby DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.  The Clerk of Court is DIRECTED to enter judgment in favor of the Commissioner and against Plaintiff.

IT IS SO ORDERED.

Dated:   **February 25, 2015**                         **/s/ Sandra M. Snyder**
                                                                UNITED STATES MAGISTRATE JUDGE